**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Joshua Stauffer,
Plaintiff
-vs-
Payson Police Department,
Defendant.

CV-16-0472-PHX-SRB (JFM)

**Report and Recommendation**
**re Screening of Amended Complaint**

## BACKGROUND

**Issues** – Following a dismissal without prejudice of his First Amended Complaint with leave to amend, Plaintiff has filed a Second Amended Complaint (Doc. 52). The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The undersigned concludes that Plaintiff's Amended Complaint fails to adequately state a claim against the sole defendant and must be dismissed. This matter is heard by the undersigned on referral, and the conclusions reached herein would be dispositive. Accordingly, the undersigned makes this Report and Recommendation with regard to the Second Amended Complaint.

**First Amended Complaint** - On February 22, 2016, Plaintiff filed his original Complaint (Doc. 1), and prior to screening or an answer filed his First Amended Complaint (Doc. 7).

> In his First Amended Complaint, Plaintiff alleges that Defendant "has modified, destroyed, and covered up police reports, complaints, investigations, and evidence." (Doc. 7 at 2.) Plaintiff further alleges that the mayor, judges, and county and town attorneys "have and continue to conspire against the Plaintiff." (Id.) Plaintiff seeks compensatory and punitive damages and asks that the Court "order all false arrests be deemed dismissed with prejudice and all public and private databases wiped of any wrong doing." (Id. at 4.)

1

(Order 1/17/17, Doc. 51 at 2.) Prior to a screening order, Defendant Payson Police Department filed an Answer (Doc. 8), and eventually a Motion to Dismiss (Doc. 29).

On January 17, 2017, the Court granted the Motion to Dismiss, finding that the Court lacked subject matter jurisdiction because Plaintiff failed to allege a claim under federal law or otherwise demonstrate a basis for jurisdiction.  Alternatively, the Court found that Plaintiff failed to adequately state a claim.  The First Amended Complaint was dismissed without prejudice to Plaintiff filing a second amended complaint within 30 days.  (Order 1/17/17, Doc. 51.)

## SECOND AMENDED COMPLAINT

On February 8, 2017, Plaintiff filed his Second Amended Complaint (Doc. 52). Plaintiff names a single defendant, the City of Payson, and in an attached 15 page Addendum factually alleges a string of improper arrests, traffic stops, impoundments, searches, destruction of evidence, prosecutions, and failures to properly respond to claims by various officers from the Payson Police Department, the Payson City Attorney, the Payson City Mayor, and a conspiracy between one officer and Plaintiff's landlord to permit a search of Plaintiff's home.

The Second Amended Complaint asserts the following three counts, each of which do not include specific factual allegations, but merely reference the 15 page Addendum:  (1)  a violation of 42 U.S.C. § 14141, based on a pattern and practice of false arrest; (2)  a violation of 42 U.S.C. § 14141, based on a pattern and practice of unlawful stops, searches and arrests; (3)  a violation of 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law), all based on false imprisonment.

**Standard on Screening** – The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that

2

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**<u>Pattern and Practice under § 14141</u>** -  Counts One and Two are asserted under 42 U.S.C. § 14141.  "Title 42 of the United States Code, Section 14141 only provides for a civil cause of action brought by the United States Attorney General. *See* 42 U.S.C. § 14141(b). Section 14141, does not provide a private right of action."  *Gonzales v. City of Clovis*, 2012 WL 1292580, at *5 (E.D. Cal. Apr. 13, 2012) (citing *Clark v. Upton*, 2008 WL 2025079, at *19 (E.D.Cal. May 9, 2008); and *Evans v. U.S. Dep't of Educ. ex rel*

*Cal. St. Univ. Stanislaus*, 2006 WL 294800, at *2 (N.D.Cal. Feb.7, 2006)).  Accordingly, Counts One and Two must be dismissed.

**Deprivations of Constitutional Rights Under §§ 241 and 242** – Count Three asserts violations of 18 U.S.C. § 241 (conspiracy to deprive of constitutional rights) and 242 (deprivation of constitutional rights).  "Plaintiff cannot bring suit against defendant for violation of these sections of Title 18 as they do not provide for a private right of action."  *Hallal v. Mardel*, 2016 WL 6494411, at *3 (E.D. Cal. Nov. 2, 2016) (addressing *inter alia* 18 U.S.C. §§ 241 and 242).  "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)."  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  Accordingly Count Three must be dismissed.

**Allegations Regarding City of Payson** – Assuming this Court could go so far as to liberally construe Plaintiff's claims to be based on 42 U.S.C. § 1983, Plaintiff fails to make any specific allegations against the City of Payson, as opposed to individual officials of the City.  For each § 1983 claim Plaintiff alleges, he must state the following: (1) the specific constitutional right which he believes was violated; (2) the individual Defendant whose conduct violated that right; (3) the specific conduct which violated the right; and (4) the connection between the Defendant's conduct and a specific injury Plaintiff suffered as a result of the conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).   A local governmental unit may not be held responsible for the civil rights violations of its employees under a *respondeat superior* theory of liability. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); and *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). Therefore, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. *See Brown*, 520 U.S. at 403; *Monell*, 436 U.S. at 690-91; and *Fogel*, 531 F.3d at 834.  Here,

4

Plaintiff makes no allegations that his injuries resulted from a policy or custom of the City of Payson, as opposed to various employees of the City.

**Conclusions** – Based upon the foregoing, the undersigned concludes that the Second Amended Complaint must be dismissed for failure to adequately state a claim,

## RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Second Amended Complaint (Doc. 52) be **DISMISSED** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff be granted leave to file a third amended complaint within 30 days of the filing of the Court's Order.

**IT IS FURTHER RECOMMENDED** that if Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues,  see United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the recommendation of the Magistrate Judge, Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 21, 2017

16-0472o Order 17 02 17 re Screen Amended Complaint.docx

James F. Metcalf
United States Magistrate Judge

6