Joshua Stauffer
ASPC Phoenix West
PO Box 18640
Phoenix, Az 85065

# In The United States District Court
## For The District of Arizona

| | |
|---|---|
| Joshua Stauffer,<br>Plaintiff | case no CV-472-Phx-SRB-JFM<br><br>CV-16-472-PHX-SRB-JFM |
| Vs | Third Amended<br>Complaint |
| City of Payson<br>Timothy Wright<br>Hector Figeroa<br>Kenny Evans<br>Donald Engler<br>Sherwood Eldredge<br>Donny Garvin<br>Christopher Mc Donough<br>Mathew Zimmerman<br>Michael Macnereny<br>Jessie Davies<br>Nicholas Bogatko<br>Joey Johnson<br>Gary Scales<br>Raymond Geiser<br>Jessica Oortman<br>Dan Jaegar,<br>          Defendant(s) | Jury Trial Demanded<br><br>28 U.S C 1343 (a), 42 U.S.C 1983 |

FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 0 9 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

City of Payson, Gila County Arizona

Defendant(s)

City of Payson; Municipality

Timothy Wright, Former City of Payson Attorney

Hector Figeroa; Current City of Payson Attorney

Kenny Evans, Former City of Payson Mayor

Donald Engler, City of Payson Police Chief

Sherwood Eldredge, City of Payson Police lieutenant

Donny Garvin; City of Payson Police Sergeant

Christopher Mc Donough; Former City of Payson Police

Mathew Zimmerman; Former City of Payson Police

Michael Macnereny, City of Payson Police

Jessie Davies; City of Payson Police

Nicholas Bogatko, City of Payson Police

Joey Johnson; City of Payson Police

Gary Scales; Gila County Superior Court Judge

Raymond Geiser, Gila County Court appointed Attorney

Jessica Oortman', Gila County Attorney

Dan Jaegar, Former Landlord


Plaintiff has not filed previous lawsuits as a
prisoner


Cause of Action

Count I Title 42 1983 conspiracy
Count II Title 42 1983 illegal search and seizure


(a) June 9th, 2013
        Defendant's Payson Police Officers
Christopher Mc Donough, Jessie Davies, DUI task
force Officer Mathew Zimmerman, and possibly
others conspired to unlawfully arrest Plaintiff
for aggravated driving under the influence over
0.08%, aggravated driving under the influence
without required ignition interlock device, and
various domestic violence charges Case no CR-2013-335

Absent of Domestic violence and actual physical
control of a vehicle, Defendant's claimed probable
cause by coercing witnesses to make false
statements Then while distracted, searched the

residence without homeowners knowledge to obtain ignition keys to conduct an illegal search of Plaintiff's rental car and seizure of property used to fabricate criminal allegations and justify arrest. Plaintiff requested a Supervisor where arrest was argued with Payson Police Sergeant Jon, Varga without success. Plaintiff was released on own recognizance June 12th, 2013

Defendant's suppressed / tampered with evidence modified reports and without viewing Grand Jury transcripts, its assumed also presented deceptive testimony to secure indictment and assist in malicious prosecution. Plaintiff immediately challenged and prevailed in Arizona Motor Vehicle Department Admin Per Se hearing. Resulting in reinstatement of driving privileges and ignition interlock requirement voided entirely.

(b) June 12th, 2013

Upon release, Plaintiff in compliance with court ordered release conditions, immediately contacted Payson Police Department requesting a civil standby to retrieve personal belongings in residence related to claim in subsection (a).

June 13th, 2013
Upon completion, Defendant Payson Police Officer Michael Macnereny unlawfully arrested Plaintiff

for misconduct involving a weapon prohibited
possessor charge, case no unknown

Absent of possessing, Defendant refused to show
the alleged weapon and adamantly coerced
homeowner to make false statements, Plaintiff
requested a Supervisor where arrest was argued
with Defendant Payson Police Sergeant Donny Garvin.
Plaintiff asked that the alleged weapon's fingerprints
be lifted, serial numbers traced, and a polygraph
test be conducted, but was denied.

Plaintiff is confident that Defendant's and possibly
others conspired to plant the weapon in recently
illegally searched area prior to arrival. Justifying
Seizure of the weapon and additional arrest to
revoke release conditions and assist in malicious
prosecution. Plaintiff was released on own recognizance
June 14th, 2013 Charges were not pursued and should
be dismissed with prejudice.

(C) August 26th, 2014
        Defendant Payson Police Officer Michael
Macnereny unlawfully entered Plaintiff's residence
in uniform, warrantless, and alone. Out of fear, Plaintiff
immediately left the residence. Upon return, Plaintiff
retrieved surveillance footage and cleaning staff
testimony which revealed Defendant illegally
searching the residence and causing criminal damage

It was learned Defendant's Officer Macnereny
and Landlord Dan Jaegar conspired to gain access
to the residence, which is believed to fabricate
additional criminal allegations, and or harm Plaintiff's
indefinetly, in exchange to extort rental deposit.
Defendant(s) were aware Plaintiffs were moving
to another jurisdiction for refuge, and its believed
this was considered to be a final opportunty to
carryout their vicious unlawful agenda. Plaintiffs
rental deposit and miscellaneous property were never
returned.

Injury
Defendants Constitutional tort has and continues to
cause Plaintiffs to suffer extensive mental and
physical anguish, excrutiating pain and suffering
defamation, legal, property, and economic injury as a
result

Count III Title 42-1983 conspiracy
Count IV Title 42-1983 malicious prosecution

       Defendant Gila County Attorney Jessica
Oortman conspired with others, using her legal
abilities as a vehicle to carryout city of Payson
employee's agenda to achieve false imprisonment of
Plaintiff. With knowledge Defendant(s) had personal
vendettas and clearly violated Plaintiff's rights to
fabricate criminal allegations, Defendant accepted, and

with intent to harm, maliciously prosecuted case no.
CR-2013-335 Defendant used unlawful tactics including
falsifying State documents, and since commencement of
this action, has requested on numerous occasions that
the Court issue arrest warrants and take Plaintiff
into custody. When that failed, Plaintiff is confident
that while extremely ill, Defendant(s) plotted to
expedite trial and prevent appearance and testimony.

March 30th, 2016
Trial transcripts reveal Defendant excluded Defendant
Officer Zimmerman and others involved reports, presence
and testimony, choreographed deceptive Official and
badgered unofficial favorable testimony, admitted
false and suppressed exculpatory evidence, and
slandered Plaintiffs character. Achieving an unjust
conviction and imprisionment, which is believed to
interfere with prosecuting recently filed civil
complaint.

April 5th, 2016
Defendant had Plaintiff indicted, then while
knowing Plaintiffs presence at trial was forced
to be waived, chose to vindictively prosecute for
a felony failure to appear charge. Case no. CR-2016-160
which too, has continually interfered with this action.

Injury
Defendant's Constitutional tort has and continues to

cause Plaintiffs to suffer extensive mental and physical anguish, excruciating pain and suffering defamation, legal, property, and economic injury as a result.

Count V Title 42 1983 conspiracy
Count VI Title 42 1983 in-effective counsel

Defendant Gila County Court appointed Attorney Raymond Geiser conspired with others to sabotage Plaintiff's case no. CR-2013-335, From the onset of appointment on February 24th, 2016, Defendant was unwilling to adhere to the case, refusing to communicate as well as investigate simple but exceptionally valuable claims for defense.

March 7th, 2016
Pre trial conference minute entry reveals Defendant affirmed trial date of March 30th, 2016. Expediting without Plaintiffs consent and while hospitalized with a life threatening infection, then deceptively claimed a motion to quash warrant had already been filed,

Defendant had Knowledge and failed to report Defendant Attorney Ms Gortman for using unlawful tactics and falsifying State documents. It was learned Defendant was a Gila County Attorney at the time of alleged offense. Out of concern for Defendant's apparent unconstitutional agenda, Plaintiff consulted

with Arizona State Bar representative Tom McCaulley
were a formal complaint was filed and Defendant was
asked to withdraw. It was learned Defendant filed
a Motion to quash warrant on March 14th, 2016, then
while knowing Plaintiff was extremely ill, and without
trial preperation, filed a joint request for Jury Trial
on March 16th, 2016

March 30th, 2016
Defendant made no effort to make contact with
Plaintiff prior too or during trial and immediately
agreed to a warrant for arrest. Prior to testimony,
Defendant was made aware Plaintiff had not fied the
Court of a serious emergency that was preventing
attendance, but failed to request postponement.
Violating Plaintiff's right to testify and face accusers,
forcing waiver of presence. Proceeding with trial in
absentia appears to have been premeditated. Plaintiff
is confident that while extremely ill, Defendant(s)
plotted to expedite trial, and prevent appearance and
testimony. Trial transcripts reveal, Defendant deceived
the Court regarding status of the Attorney Client
relationship and the health of the case, failed to
admit vindicating and argue States exhibits and
testimony, slandered Plaintiff's character, and was
ill with the flu. Assisting in an unjust conviction and
imprisonment, which is believed to interfere with
prosecuting recently filed civil complaint.

Injury
Defendants Constitutional tort has and continues
to cause Plaintiff's to suffer extensive mental and
physical anguish, excrutiating pain and suffering,
defamation, legal, property, and economic injury as a
result.

Count VII Title 42 1983 Constitutional Violation

        Defendant Gila County Superior Court Judge
Gary Scales ignored his ethical obligations by
accepting a deemed precluded case and acting with
biased posture. Defendant violated Plaintiffs
Constitutional right to effective counsel, to attend
every stage of trial, and by requiring excessive bail
which should be treated as cruel and unusual punishment.

April 27th, 2015
During case no. CR-2013-335 Status Conference and
whats believed to be the final appearance before
originally assigned Judge Peter Cahill, its stated in
summary that Judge Scales and Division II shall be
precluded from hearing Plaintiffs case, due to heavy
Payson Police involvement. Plaintiff construes this
determination to be based on familiarity with
Plaintiff's grievances regarding City of Payson official
misconduct, and that former City of Payson Attorney
Timothy Wright had become Gila County Superior Court
Division II Judge.

February 24th, 2016

Defendant forced Plaintiff to appear at case no. CR-2013-335 Status Conference while extremely ill. Defendant withdrew Gila County Court appointed Attorney Michael Bernays per Arizona State Bar formal complaint filing, and appointed Defendant Attorney Mr. Geiser Setting trial date for March 30th, 2016 and Pre trial Conference for March 7th, 2016

March 7th, 2016

During Pre trial conference, Defendant affirmed trial date of March 30th, 2016 while Plaintiff was hospitalized and issued a warrant for arrest. It was also learned Defendant issued an order for Jury Trial on March 24th, 2016, and an order to squash warrant on March 29th, 2016.

March 30th, 2016

From the onset of trial, Defendant showed no concern for Plaintiffs whereabouts with knowledge Plaintiff had been extremely ill and prior to testimony had been informed that Plaintiff had contacted the Court regarding an emergency that was preventing appearance, Defendant decided to proceed with what appears to be a premeditated trial in absentia Immediately ordering a warrant for arrest. Trial transcripts reveal, Defendant made biased and offensive remarks towards Plaintiff, witnessed blatant malicious prosecution and defence failures, Brady and Constitutional violations, and coercive and contradictory

testimony, which even then failed to present at least ARS 1381, 1383 (A)(4) wrong doing. Defendant denied Defences justified Rule 20 motion for judgement of acquittal for Count One aggravated driving under the influence without required ignition interlock device and Count Two aggravated driving under the influence over 0.080. Resulting in an unjust conviction and imprisonment.

March 31st, 2016
Subsequently, Count Two aggravated driving under the influence over 0.080 was dismissed by verdict and Defendant delayed denial ruling for requested withdrawl of Counsel until trial conclusion. Defendant then requires an excessive bail amount of $50,000 cash only for case no. CR-2013-335 and $10,000 for case no CR-2016-160. Preventing Plaintiff to excercise remedial law to correct this unconstitutional circumstance. Causing continual theft of property, abandonment and harm of Plaintiffs loved ones [ K9's ], and extensive and ongoing near-fatal medical situations.

Plaintiff had filed several Pro Per Motions informing the Court of Constitutional right violations, conspiracy, and obstruction of justice prior to trial, but Defendant refused to act. Defendant has a consistent history of making brased and offensive towards Plaintiff, and while excercising extreme caution accusing the Court, Plaintiff cant help but assume to some extent it had

played a role in Defendant(s) vicious agenda, and
has definetly interfered with prosecuting this action.

Injury
Defendant's Constitutional tort has and continues to
cause Plaintiffs to suffer extensive mental and physical
anguish, excrutiating pain and suffering, defamation,
legal, property, and economic injury as a result

Count VIII  Title 42 1983  harassment
Count IX  Title 42 1983  unlawful arrests, stops

(a) On or about January 1st, 2013
        Plaintiff arrived at the Payson Police Department
requesting domestic assistance. Defendant Payson
Police Officer Christopher McDonough ignored his lawful
duty to take a report, and instead unlawfully cited
Plaintiff for a driving on suspended drivers license
charge, Case no unknown. Then impounded the vehicle
Plaintiff immediately provided City of Payson prosecutor
Kyle Mann a current Arizona Motor Vehicle Department 12
month driving record, resulting in dismissal. Plantiff's
vehicle was eventually repossessed while in Payson
Police Department custody.

(b) January 20th, 2014
        Defendant Payson Police Officer Joey Johnson
unlawfully arrested Plaintiff for various fabricated
Domestic violence charges, case no unknown. Additionall

Defendant excitedly attempted to manipulate to felony charges to revoke redbase conditions and assist in malicious prosecution. Plaintiff was released on own recognizance January 20th, 2014 charges were correctly statued to misdemeanors and sent to the lower Court, were it was not pursued

(c) Date unknown

Plaintiff requested Payson Police Department's assistance for theft of Plaintiff's property. During contact, Defendant Payson Police Officer Michael Macnereny ignored his lawful duty to arrest the individual for the blatant theft and vandalizing of property, and instead unlawfully cited Plaintiff for a fabricated disorderly conduct charge, case no. unknown, which was dismissed by City of Payson prosecutor Kyle Mann.

(d) Date unknown

Plaintiff requested Payson Police Department's assistance for protection of Plaintiffs loved one who was constantly harassed by an individual by the name of Michael Murray, who had a Court protection order against him. Upon contact, Defendant Payson Police Officer Nicholas Bogatko ignored his lawful duty to arrest the individual for violating the Court order, and instead had Defendant Officer Davies unlawfully cite Plaintiff for a fabricated disorderly conduct charge, case no. unknown

Charges were not pursued.


(e) Date unknown

Plaintiff requested Payson Police Department's assistance for individuals who had arrived at Plaintiff's residence to threaten his life. Plaintiff then left the residence for Payson Police Department while in transit, Defendant Payson Police Officer Mathew Zimmerman recklessly cut Plaintiff off while on a motorcycle in the middle of an intersection and was held at gunpoint. Plaintiff was held at Payson Police Department for several hours before allowed to return to the residence, while at the residence, several Officers openly discussed how they should falsify justification to arrest the Plaintiff. Defendant Officer Zimmerman and others ignored their lawful duty to arrest these individuals, and absent of a traffic stop, instead unlawfully cited Plaintiff for a fabricated passing in a no passing zone. Plaintiff paid the fine without guilt.


For the record, Plaintiff's are victims of several additional unjustified traffic stops, unlawful harassment, invasion of privacy, fraud, and conspiracy to defame character by Defendant(s) Due to the abundance of incidents and logistical complexity of incarceration, Plaintiff is unable to recall accurately to be considered fact by the Court. However, Plaintiff can, when the opportunity

presents itself, admit supportive evidence.

Injury
Defendants Constitutional tort has and continues to cause Plaintiff's to suffer extensive mental and physical anguish, excrutiating pain and suffering, defamation, legal, property, and economic injury as a result.

Count IX Title 42 1983 Supervisory personnel, duty to act, personal involvement

Dates unknown
From the onset of misconduct, the grievance process was excercised directly with Payson Police Officials. On numerous occasions, Plaintiff met in person, spoke on recorded conversations, and submitted written formal complaints with Defendant Payson Police Chief Donald Engler. Each complaint provided detailed factual allegations of misconduct, and concerns of an evolving conspiracy to harm Plaintiff's by officers under his command. Explicitly requesting protection, but ignored his duty to do so. At one point, Defendant Chief Mr Engler alleged appointment of Defendant Payson Police lieutenant Sherwood Eldredge to investigate the continual misconduct, stating, "because of his new presence to the Department, and minimal relationships". Plaintiff spoke to Defendant lieutenant Mr. Eldredge but showed

no intent to remedy. On numerous occasions, Plaintiff and Attorney demanded formal complaints findings, but other than one generic denial regarding case no. CR-2013-335 Grievances went completely evaded

Date unknown
Defendants deliberately orchestrated a military scale encroachment onto Plaintiff's loved ones residence, held at gunpoint by a multitude of automatic and small arm weapons, and illegally detained for hours. Defendants justified this terror by a known drug dealer by the name Michael Murray reported a hostage situation. Defendant's ignored their lawful duty to not only arrest this individual for once again violating a Court protection order, but also placing a potentially fatal false hostage report.

Defendant's are not only failing their duty to protect the Plaintiff's from the ones they command, they are personally participating in the misconduct themselves. Defendant's repeated failures to properly supervise and discipline, has enabled subordinate Officers to continue carrying out their vicious personal agendas to maim Plaintiffs civil rights and liulihood, without consequence

Injury
Defendant's Constitutional tort has and continues to cause Plaintiffs to suffer mental and physical anguish excrutiating pain and suffering, defamation, legal,

property, and economic injury as a result.

Count XI Title 42 1983 Causation Police custom or policy
Count XII Title 42 1983 Municipality custom or policy
Count XIII Title 42 1983 Deliberate indifference, omission or inaction.

Dates Unknown

Defendant's City of Payson, current Attorney Hector Figeroa, Former Attorney Timothy Wright and Mayor Kenny Evans ignored their sworn duty to enforce law abiding policy by their employee's. On numerous occasions Plaintiff made contact and lodged formal complaints against Payson Police Department personnel with these Municipal officials. Defendant's not only failed to properly investigate and rebuke employee's for breaching duty, they turned a blind eye and allowed these grave unconstitutional attacks to continue

Date unknown

Plaintiff was forced to file a civil complaint against Payson Police Department within Gila County Superior Court, case no. unknown. Although, it's believed Judge Peter Cahill explicitly awarded the complaint merit, alternatively it was dismissed without prejudice. Justified by Plaintiffs failure to submit prior Notice of Claim. For the record, Plaintiffs are confident that this outstanding Judge's decision was without bias.

On or about February 26th, 2015
Plaintiff hired a licensed process server where
Notice of Claim service was attempted directly with
Defendant chief Mr Engter, but hostilely refused On
or about February 28th, 2015. Plaintiffs Notice of Claim
was successfully accepted by City of Payson legal
Department Plaintiff then made several attempts to
make contact with Defendant Attorney Mr. Figeroa to
discuss status, but was avoided when contact had
finally been established, Defendant was unprofessional
and made it apparent City of Payson officials had no
intention of assisting Plaintiffs in their lawful and
exhausting motive to end their employees vicious unlawful
harassment, Plaintiff then periodically attempted to make
contact with the insurance agent responsible for City
of Payson claims, but had been unsuccessful. Approximately
six months after Notice of Claim service, Plaintiffs
made contact with the individual claiming to be
responsible for denying Plaintiffs claim. His demeanour
was identical to the clients he represents, making the
statement, "Well, it looks like you will have to sue us
then".

Defendant(s) official misconduct is so widespread
it is custom. Plaintiff exhausted all known lawful
options, allowing every Defendant on every level of
this local government opportunity to correct their violent
abuse of authority, but City of Payson deliberately refused
to implement policies to do so. For Defendant City of

Payson to argue, Plaintiff failed to state a claim in this action, is a flagrant insult and wilfull interference with judicial proceedings

Injury

Defendant's Constitutional tort has and continues to cause Plaintiffs to suffer extensive mental and physical anguish, excrutiating pain and suffering, defamation, legal, property, and economic injury as a result

Plaintiffs case is a perfect example of the absolute corruption within this local government. Official misconduct is an epidemic, where its the Federal Governments duty to uphold United States laws protecting citizens rights, severely punishing individual and or municipalities guilty of violating them, and awarding victims indemnity for such actions. Federal suit was inevitable.

Therefore, Plaintiffs respectfully requests the Court award relief thereof

Monetary
$4,000,000.00 for cosmetic and future damages
$1,500,000.00 for punitive damages
$1,000,000.00 for dignitary damages
$3,500,000.00 for compensatory, continuing, and actual damages

lawful

Plaintiff's demand that all charges and citations related to Defendant(s) misconduct be dismissed with prejudice, legal and public databases wiped of wrong doing, and a written formal apology from City of Payson.

Injunction, Injunctive

Plaintiffs incarceration is solely based on an aggravated driving under the influence without required ignition interlock device, ARS-1383 (A)(4) charge, case no CR-2013-335, Plaintiff argues legal validity of the charge. Absent of ignition keys and driving or actual physical control of a vehicle while under the influence, where by Defendants own testimony was illegally searched on private property to seize the ignition interlock device used to fabricate and prosecute, and the fact, by Admin Per Se ruling the Arizona Motor Vehicle Department reinstated driving privileges and voided ignition interlock device requirement entirely. Shall provide the Court adequate Constitutional ground to, at a minimum reinstate Plaintiffs original own recognizance release conditions Immediately releasing Plaintiff from Arizona Department of Corrections custody, and grant a protection order to assure Plaintiffs safety

Although, this case is currently under Direct Appeal review, Plaintiff without legal training or Counsel have

cause to believe at this juncture, State Court post conviction remedy has rendered ineffective. Appealants Attorney failed to properly represent, and when Plaintiff attempted to defend the case Pro Se Arizona Court of Appeals denied motions to expand deserving records to accurately argue and submit supplemental brief Sacrificing a substantial amount of crucial freedom and causing continual irreparable injury. wherefore, Plaintiff's strongly believe Injunctive relief is appropriate, Allowing immediate critical medical care, safe retrieval of Plaintiffs, K9s Micke and Knuckles, property, and preservation of evidence to properly prosecute this action.

Respectfully submitted this 5th day of June, 2017

22 pages

Original filed with
Clerk of Court
United States District Court
Phoenix, Az

Copy to be forwarded to
Titus Brueckner Levine
8355 E. Hartford suite 200
Scottsdale, Az 85255